IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY C. HARRIS, SR. <br> and <br> SERENA V. HARRIS | * <br> <br> * |
| Plaintiffs, | * |
| v. | * |
| ACANDS, INC., et al. | *   Civil Action No.: JFM-02-CV-4061 |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

Metropolitan Life Insurance Company, one of the Defendants, by its attorneys, Sidney G. Leech, David W. Allen, Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP for an Answer to the Complaint filed against it in the above-captioned case and each and every count thereof says:

1. The allegations of Paragraph 1 of the Complaint are denied.

### STATEMENT OF INCORPORATION

Defendant, Metropolitan Life Insurance Company hereby incorporates its master answer to the master complaint of The Law Offices of Peter T. Nicholl's Master Complaint CT-5. To the extent any further response is required, the allegations contained in Paragraphs one (1), two (2), three (3) as well as Count I (Negligence), Count II (Strict Liability), County III (Loss of Consortium, Count X (Conspiracy) and Count XI (Fraud) of The Law Offices of Peter T. Nicholl Master Complaint CT-5 are denied.

### FIRST AFFIRMATIVE DEFENSE

That the claims in the Complaint and each count thereof are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff was guilty of contributory negligence which caused or contributed to his injuries, damages and losses and this contributory negligence is a complete bar to Plaintiff's recovery in the above-captioned case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the operation of the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the operation of the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the operation of the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any injuries, damages or losses allegedly sustained as a result of exposure to asbestos containing products used by or near the Plaintiff and his assumption of risk is a complete bar to the recovery by the Plaintiff in the above-captioned case.

### SEVENTH AFFIRMATIVE DEFENSE

Whatever damages were incurred by the Plaintiff was the result of intervening and/or superceding acts or admissions of parties over whom this Defendant had no control or with whom this Defendant had no legal relationship.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, the knowledge of Plaintiff's employers was superior to that of this Defendant with respect to the possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn the Plaintiff or provide protection to him, it was the duty of said employers and not of this Defendant and the breach of that duty was an intervening and/or superceding cause of the injuries alleged by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

In the event that it be shown that Plaintiff used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, said product or material was misused, abused, modified, altered or subjected to abnormal use.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's employers were sophisticated users of the products containing asbestos and had full knowledge of the dangers and risks associated with using or working around asbestos containing products.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article 24 and other applicable provisions of the Maryland Declaration of Rights.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that there are any claims in the Complaint for exemplary or punitive damages, these claims violate this Defendant's right to substantive due process as provided in

the Fifth and Fourteenth Amendments of the United States Constitution and Article 24 and other applicable provisions of the Maryland Declaration of Rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that any claims in the Complaint seek an award of exemplary or punitive damages, those claims would violate this Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and Article 24 and other applicable provisions of the Maryland Declaration of Rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the Complaint contains claims for exemplary or punitive damages, those claims violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 24 and other applicable provisions of the Maryland Declaration of Rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff should have taken action to minimize or eliminate damages, and, therefore, Plaintiff is precluded from recovering damages or her damages are reduced, by operation of the doctrine of avoidable consequences.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant states that it cannot be held liable as a matter of law for injuries or damages allegedly sustained as a result of exposure to asbestos containing products allegedly used by or near the Plaintiff, to the extent such exposure was to asbestos containing products manufactured or distributed by others pursuant to and in strict conformity with specific

regulations and specifications set forth by the United States Government. This Defendant further states that at all times relevant to the allegations contained in the Complaint, the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government, and the United States Government had actual knowledge of the hazards, if any, associated with exposure to asbestos.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff with any other person or company for any of the Plaintiff's damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were proximately caused by or contributed to by exposure to or in relation of noxious and deleterious fumes and residues from industrial products or byproducts prevalent on his job sites, by the cumulative effect of exposure to all types of environmental and industrial pollutants of air and water, or by substances, products or other causes not attributable to or connected with this Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

This Defendant would show the court that multiple awards of punitive damages against it would violate; the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution and Article 24 and other applicable provisions of the Maryland Declaration of Rights.

### TWENTIETH AFFIRMATIVE DEFENSE

That the causes of action set forth in the Complaint are barred pursuant to the

Borrowing Statute as adopted in the State of Maryland.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

That the damages sustained by Plaintiff, if any, are capped by the Maryland Cap Statute as to all claims for non-pecuniary losses or damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any allegation not expressly admitted in this Defendant's Answer is hereby specifically denied.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff was exposed to any asbestos containing product as a result of any act or omission by this Defendant or by any of its agents, servants or employees, then said exposure was so minimal that it could not have been a "substantial contributing cause" to the injuries, damages and losses of which the Plaintiff now complains.

**WHEREFORE**, Metropolitan Life Insurance Company moves this Honorable Court to enter an Order in the above-captioned case dismissing the Complaint as to it or for such other and further relief as may be appropriate under the circumstances.

/s/ Malcolm S. Brisker
Malcolm S. Brisker, Fed. Bar No. 26048
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, Maryland 21202
410-783-4000

Attorneys for Metropolitan Life Insurance Company

Of Counsel:

Sheila L. Birnbaum, Esq.
Peter J. McKenna, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
(212) 735-3000

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2003, a copy of the foregoing Answer to Complaint was e-filed to all counsel of record:

>Peter T. Nicholl, Esquire
>The Law Offices of Peter T. Nicholl
>36 South Charles Street,
>Suite 1700
>Baltimore, Maryland 21201
>
>Attorneys for Plaintiff

and to all counsel of record

/s/ Malcolm S. Brisker
Malcolm S. Brisker

467229